**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MITCHELL CASE, a minor, by his** )<br>**parents, Dustin and Elizabeth Case,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**ALLEGHENY INTERMEDIATE UNIT,** )<br>)<br>**Defendant.** ) | **2:07-cv-374** |

**MEMORANDUM ORDER**

Before the Court for consideration and disposition is PLAINTIFF'S MOTION TO

ENFORCE PENDENCY UNDER THE IDEA (Document No. 4).  Plaintiffs filed a brief in

support, Defendants filed a brief in opposition and Plaintiffs filed a reply brief (Document Nos.

5, 8, 11).  The Court entertained oral argument on June 27, 2007.  The matter is ripe for

resolution.

Background

This case involves the services to be provided under the Individuals with Disabilities

Education Act (IDEA) to a three-year-old boy with cerebral palsy.  When a child turns three, he

must transition from Part C of the IDEA, which provides services through the Infants and

Toddlers Early Intervention program administered by the County Office of Mental Health and

Mental Retardation, to Part B of IDEA, a Preschool Early Intervention program which is

operated in this case by Defendant, the Allegheny Intermediate Unit (AIU).  The child received

Conductive Education as part of his Individualized Family Service Plan (IFSP) that applied for

ages 0-3.  The family and the AIU disagree as to whether the child is entitled to continue to

receive Conductive Education services as part of his Part B Individualized Education Plan (IEP).

The AIU refused to provide such services, a decision that was upheld by a Hearing Officer in an

opinion dated December 22, 2006.  The question now before the Court is very narrow:  Is the

AIU required to provide Conductive Education during the pendency of this litigation?


Discussion

Plaintiffs contend that the "stay-put" provision of IDEA, 20 U.S.C. § 1415(j), mandates

that the AIU continue to provide Conductive Education to the child during the pendency of the

dispute.  In *Pardini v. Allegheny Intermediate Unit*, 420 F.3d 181 (3d Cir. 2005), the United

States Court of Appeals for the Third Circuit addressed this precise question under extremely

similar facts.  The Court concludes that *Pardini* is controlling.

In *Pardini*, the Court held that the AIU is required to provide Conductive Education until

the dispute is "ultimately resolved." *Id.* at 190 (citing *Drinker v. Colonial School Dist.*, 78 F.3d

859, 865 (3d Cir. 1996)).  In *Ringwood Board of Educ. v. K.H.J.*, 469 F. Supp.2d 267, 270

(D.N.J. 2006), the district court explained that the term "ultimately resolved" means that the

pendent program must be maintained until the dispute reaches a final conclusion, including

appeals.  The *Pardini* Court explained that its decision was based on the plain language of the

IDEA and was consistent with Congress' intent to ensure a "smooth transition" from Part C to

Part B services.  420 F.3d at 186, 191.  The "stay-put" provision applies regardless of whether

the case is substantively meritorious.  *Id.* at 190.

The AIU argues that *Pardini* is distinguishable on the basis that the parties in this case

2

agreed upon and have implemented an IEP.  The Court does not agree, either factually and

legally.  The Court finds that the parents did not consent to an IEP that did not include

Conductive Education.  To the contrary, although the parents accepted those provisions of a

proposed IEP on which there was no dispute, they were careful at every stage of the process to

explicitly preserve their objection as to their insistence for Conductive Education.  *See, e.g.,*

Letter from Jeffrey Ruder dated January 15, 2007.  It would be wholly contrary to the statutory

intent of the IDEA to require parents to forego all necessary services in order to preserve their

right to appeal.  Moreover, in *Pardini*, the Court of Appeals defined the pendent program as the

"operative placement actually functioning at the time the dispute first arises."  420 F.3d at 192

(citation omitted).  It is undisputed that the child was receiving Conductive Education as part of

his IFSP at the time the dispute over his transitional IEP program first arose.  Thus, as in *Pardini*,

the "operative placement consisted of the services [he] was receiving under [his] IFSP."  *Id.*

Defendant challenged the procedural validity of the Motion to Enforce Pendency in its

brief, contending that Plaintiffs must meet the standard for injunctive relief, although it did not

actively pursue that objection during oral argument.  This contention has been rejected by

*Pardini*, which criticized the district court for applying an injunction analysis rather than

enforcing the IDEA's stay-put provision.  *Id.* at 188.  The Court explained that Congress has

already balanced the competing equities and that IDEA "substitutes an absolute rule in favor of

the status quo for the court's discretionary consideration of the [preliminary injunction] factors."

*Id.*  Thus, the Motion to Enforce Pendency is functionally equivalent to a motion for injunctive

relief, although it need not meet the traditional test.[1]

Conclusion

AND NOW, in accordance with the foregoing, it is hereby **ORDERED, ADJUDGED and DECREED** that PLAINTIFF'S MOTION TO ENFORCE PENDENCY UNDER THE IDEA (Document No. 4) is **GRANTED**. The AIU is directed to provide Conductive Education services to the child until this litigation has been ultimately resolved or further order of court. The AIU is further directed to reimburse Plaintiffs for all reasonable costs which they have incurred since implementation of the IEP to continue the provision of the Conduction Education services contained in the IFSP.

SO ORDERED this 28th day of June, 2007.


BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:
    Jeffrey J. Ruder, Esquire
    Email: jeffruder@gmail.com
    Maura McInerney, Esquire
    Email: mmcinerney@elc-pa.org

    Christina L. Lane, Esquire
    Email: clane@andrewsandprice.com

---

[1]The parties vigorously debate the applicability of a relatively recent regulation, 34 C.F.R. § 300.518(c). The Court need not resolve this dispute for the purpose of the instant motion.